IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RICHARD WELCHER, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-05-490-S-LMB |
| | ) | |
| v. | ) | **INITIAL REVIEW ORDER** |
| | ) | |
| R. BLADES, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

     Petitioner Richard Welcher filed a Petition for Writ of Habeas Corpus on November 20, 2005.  The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 or Rule 4 of the Rules Governing § 2254 Cases.

## I.

## BACKGROUND

     Petitioner pled guilty to and was convicted of felony driving under the influence of alcohol on November 7, 2002, in the First Judicial District Court, in Bonner County, Idaho.  Petitioner did not file a direct appeal or a post-conviction action.

     It appears that Petitioner initially received a suspended sentence and was placed on probation.  On April 9, 2004, after a probation violation, his sentence was modified and he was incarcerated for a term of 18 months fixed, with 24 months indeterminate.

INITIAL REVIEW ORDER  1

Petitioner did not file an appeal or post-conviction action regarding the modified sentence.

## II.

## REVIEW OF PETITION

**A.      Standard of Law**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 2254(a).  The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal.  Rule 4 of the Rules Governing Section 2254 Cases.  Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  *Id*.

**B.      Discussion**

Petitioner's claims are extremely unclear.  Petitioner's first claim is "Fourth Amendment unlawful seizure."  He asserts that a "first or second DUI in Idaho cannot amount to a felony, and that California or other jurisdictions are not relevant for use of conviction."  It does not appear that these facts support a Fourth Amendment claim, because the facts do not relate to a search and seizure.  It is possible that these facts may

INITIAL REVIEW ORDER  2

support a Fourteenth Amendment due process claim, or that Plaintiff has other facts that would support a Fourth Amendment claim.

Petitioner's second claim is "violation of U.S. Constitution, statute, rule, reg[ulation]." The supporting "facts" he lists are "interstate diversity; actual innocence; denial of disability rights; violation of F. R. Crim. P. Rule 11 and Id. State Rule 118; federal Supremacy [Clause], et seq., actual innocence, and inability to assert due to Rule 11 violations, with emphasis - competency." In addition to an alleged Supremacy Clause violation, it appears that Petitioner's facts may state a claim that his Fifth Amendment rights were violated by an involuntary guilty plea due to Plaintiff's mental disability. Again, his claims are extremely unclear.

Petitioner's third claim is "false imprisonment/Id[aho] - probation violation," based upon "improper or unlawful conviction; no intent to violate, denial of due process, assistance of counsel, or disability protections not afforded, et seq." Here, Petitioner is seeking to challenge his probation revocation on Fourteenth Amendment due process and equal protection grounds, as well as Sixth Amendment grounds. However, Plaintiff has failed to state specific facts supporting his claims.

In addition to his three delineated claims, it is unclear whether Petitioner is attempting to assert Sixth Amendment ineffective assistance of counsel claims for (1) his trial counsel's failure to have a psychological assessment performed, (2) his trial

INITIAL REVIEW ORDER  3

counsel's failure to notify him of the right to appeal, or (3) his trial counsel's failure to file an appeal on Petitioner's behalf.

Petitioner also states that his rights under the Americans with Disabilities Act[1] were violated, but that is not an independent basis for habeas corpus relief.  The Court will not consider Petitioner's ADA claim as a separate claim for damages, but shall consider his assertions of disability as evidence in support of any cognizable habeas claims in his Petition where the disability might be relevant within the framework of habeas corpus law and procedure.  Because the legal and factual grounds of Petitioner's claims are extremely unclear, the Court shall provide him with an opportunity to amend his Petition after the Court determines whether appointment of counsel is appropriate.

Another difficulty facing Petitioner is that his claims appear to be procedurally defaulted and untimely.  That is, Petitioner failed to properly present his claims to the Idaho Supreme Court prior to bringing his claims in federal court, and Petitioner failed to file his claims in federal court within one year of the date his state court judgments became final.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2244(d).

Petitioner has requested appointment of counsel because he is "psychologically disabled."  The Court will order Petitioner to provide a set of his relevant medical and mental health records from the Idaho Department of Correction to the Court within the

---

[1]42 U.S.C. § 12131-34.

INITIAL REVIEW ORDER  4

next twenty (20) days, so that the Court can determine whether appointment of counsel is appropriate.  Counsel for Respondent is ordered to facilitate IDOC's release of records to Petitioner.  Counsel for Respondent shall also provide a copy of the state court records to the Court.  After the Court has had an opportunity to review these items, it will issue a further order directing the parties how to proceed.

**C.      Petitioner's in Forma Pauperis Application**

Petitioner has requested in forma pauperis status in this action (Docket No. 1). Good cause appearing from his Application and supporting documentation, Petitioner's Application shall be granted.  Petitioner shall pay the $5.00 filing fee when he is able to do so.

**D.      Petitioner's Request for Admissions**

Petitioner is requesting discovery in his Request for Admissions (Docket No. 7). The Court will presently deny the request, but will reconsider it at a later date after the Court has had an opportunity to review the records it has ordered the parties to provide.

**III**.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Application to Proceed in Forma Pauperis (Docket No. 1) is GRANTED.  Petitioner shall pay the $5.00 filing fee when he is able to do so.

INITIAL REVIEW ORDER  5

IT IS FURTHER HEREBY ORDERED that Petitioner shall provide the Court with a set of his relevant medical and mental health records from the Idaho Department of Correction to the Court within the next twenty (20) days, so that the Court can determine whether Petitioner's request for appointment of counsel should be granted.

IT IS FURTHER HEREBY ORDERED that Counsel for Respondent is ordered to facilitate IDOC's release of records to Petitioner.  Counsel for Respondent shall also provide a copy of the state court criminal case record to the Court within the next twenty (20) days.

IT IS FURTHER HEREBY ORDERED that Petitioner's Request for Admissions (Docket No. 7) is DENIED without prejudice.

DATED:  **January 11, 2006**.



Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

INITIAL REVIEW ORDER  6