IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RICHARD WELCHER, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-05-490-S-LMB |
| | ) | |
| v. | ) | **MEMORANDUM ORDER** |
| | ) | |
| R. BLADES, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court in this habeas corpus case are Petitioner's Amendment of Case, Request for Discovery, and Request for Evidentiary Hearing (Docket Nos. 15-1, 15-2 & 15-3), Petitioner's Petition for Clerk to Obtain Records (Docket No. 16), and Respondent's Motion for Summary Dismissal (Docket No. 19). All parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (See Docket No. 10). Having reviewed the record in this case, as well as the state court record, the Court enters the following Order.

I.

BACKGROUND

Petitioner pled guilty to and was convicted of felony driving under the influence of alcohol on November 7, 2002, in the First Judicial District Court, in Bonner County, Idaho. It appears from the record that Petitioner initially received a suspended sentence

MEMORANDUM ORDER  1

and was placed on probation.  On April 9, 2004, after a probation violation, his sentence was modified and he was incarcerated for a term of 18 months fixed, with 24 months indeterminate.

After his probation was revoked, Petitioner filed a direct appeal, which was heard by the Idaho Court of Appeals.  He did not file a petition for review before the Idaho Supreme Court, nor did he file any other state court action.  *See State Court Record* (Docket No. 11).

Petitioner's federal Petition for Writ of Habeas Corpus was filed on November 30, 2005.  *See Petition* (Docket No. 3).  Respondent now argues that Petitioner's claims are procedurally defaulted and subject to summary dismissal.

## II.

## PRELIMINARY MOTIONS

**A.   Petitioner's Amendment of Case, Request for Discovery, and Request for Evidentiary Hearing (Docket Nos. 15-1, 15-2 & 15-3)**

Petitioner first requests that the Court allow him to amend his Petition.  It appears that he is requesting conversion of his action into a petition under 28 U.S.C. §1651 ("the All Writs Act"), a petition for writ of coram nobis, or a diversity action in order to avoid having to face Respondent's procedural default defense.  Such requests are inappropriate. Petitioner's claims should be brought under 28 U.S.C. § 2254, as he has done.  If he has

failed to properly exhaust his state court remedies, he cannot circumvent that requirement by amending his petition to assert a different, inappropriate cause of action.[1]

The Court has previously informed Petitioner that the Americans with Disabilities Act[2] does not provide a basis for relief in habeas corpus.  It appears that Petitioner is asserting that the State's failure to comply with the Americans with Disabilities Act created an impediment that caused him to be unable to file state court actions; the Court will consider this assertion if relevant to a cause and prejudice analysis.

Petitioner also requests discovery, but does not inform the Court of the nature of the discovery other than it appears that he is requesting a copy of the state court record. Normally, the Court presumes that Petitioner has a copy of the state court record from having litigated the action in state court.  If Petitioner does not have copies of certain state court records in his own personal file, he may request those papers, but the Court will not entertain a blanket request for the entire record.

Petitioner also appears to be requesting that the State provide him with the records of Dr. Kruzich, the psychiatrist who treats Petitioner at the prison.  Apparently, he is

---

[1] In *Carlisle v. United States*, 517 U.S. 416 (1996), the Supreme Court explained that "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.  Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling."  *Id.*, 517 at 428-29.
In *Yasui v. U.S.*, 772  F.2d 1496, 1498 (9th Cir. 1985), the Ninth Circuit clarified that a petition for writ of coram nobis is available to challenge only federal convictions, not state convictions.  (*Yasui* was later superseded by Rule on the issue of the statute of limitations, not relevant here.)

[2]  42 U.S.C. § 12131-34.

MEMORANDUM ORDER  3

asserting that Dr. Kruzich made a diagnosis without performing any psychological tests. If Petitioner wishes to obtain prison medical records, he can request them through counsel for Respondent.  Respondent is ordered to cooperate with Petitioner to provide him with any medical records that have not already been provided in this action.

The remainder of Petitioner's Motion appears to be his clarification of issues in the Petition.  The Court earlier ordered Petitioner to file an amended complaint and state the legal basis for each claim in simple language, along with the facts supporting each claim.

Petitioner alleges that the officers who arrested him were not trained in disability issues.  Petitioner also alleges that he is factually innocent, particularly, that his blood alcohol level was not above 0.08 bac.  He also states that it is unlawful to use a prior California conviction to elevate his crime to a felony on the basis of having three prior convictions, and he also asserts that his plea "could be" invalid for failure to ensure competency.

Petitioner also requests an evidentiary hearing, but presently there is no need for such a hearing.  If it becomes necessary to hold a hearing on procedural default issues or on the merits of the petition, the Court will schedule a hearing at a later date.  The motion is premature at this time and is thus moot.

**B.     Petition for Clerk to Obtain Records (Docket No. 16)**

Petitioner requests that the Court obtain Petitioner's medical records.  The State shall provide Petitioner with any medical records in its possession that have not already been provided.  If the medical records are from private health care providers, Petitioner

MEMORANDUM ORDER  4

may request those directly from the physicians, hospitals, or clinics.  Except in very rare instances, the Court is not involved in obtaining medical records for a party other than to require their production if they are being withheld from that person by another party to the action.

### III.

### STANDARD OF LAW FOR SUMMARY DISMISSAL

Petitioner must demonstrate that he properly exhausted his federal claims in state court before this Court can hear the merits of his claims.  *See* 28 U.S.C. § 2254(b).  To exhaust a claim, a habeas petitioner must have fairly presented it to the highest state court for review in the manner prescribed by state law.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim.  28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available.  *O'Sullivan*, 526 U.S. at 848.  A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground.  *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991).  Under these circumstances, the claim is considered to have been "procedurally defaulted."  *Coleman,* 501 U.S. at 731.

MEMORANDUM ORDER  5

A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard.  *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension."  *United States v. Frady*, 456 U.S. 152, 170 (1982).

If a petitioner cannot show cause and prejudice for his procedural default, he can still bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice," which means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent.  *Murray v. Carrier*, 477 U.S. at 496.  To show a miscarriage of justice, a petitioner must make a colorable showing of factual innocence.  *Herrera v. Collins*, 506 U.S. 390, 404 (1993).  Where a petitioner has pled guilty and did not have the evidence in his case evaluated by a jury, he must show that, based on all of the evidence, "it is more likely than not that no reasonable juror would have found Petitioner guilty. . . ."  *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001), *citing Schlup v. Delo*, 513 U.S.

MEMORANDUM ORDER  6

298, 327 (1995).  Types of evidence "which may establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *see Schlup*, 513 U.S. at 331, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996).

## IV.

## DISCUSSION OF MOTION TO DISMISS

Respondent argues that Petitioner's claims are all procedurally defaulted.  On direct appeal before the Idaho Court of Appeals, Petitioner raised only one claim, whether the trial court erred in denying his Rule 35 motion for reduction of sentence.  *See State Court Record*, Exhibit B-1.   He presented this claim as a state law claim, and did not assert any federal issues related to the claim.  Further, Petitioner failed to present the claim to the Idaho Supreme Court in a petition for review.

Petitioner did not file a post-conviction relief petition.  It is clear that the time to file anything further to challenge his state conviction and sentence has expired.  Petitioner cannot bring his Rule 35 sentencing claim in a federal habeas petition, because federal habeas relief does not lie for state law errors.  *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Peltier v. Wright*, 15 F.3d 860, 861-62 (9th Cir. 1994).  As a result of all of the foregoing, Petitioner's claims are procedurally defaulted.  Accordingly, the Court will conditionally grant Respondent's Motion for Summary Dismissal and provide Petitioner with an opportunity to show cause and prejudice or a miscarriage of justice.

**V.**

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Amendment of Case (Docket No. 15-1) is GRANTED, and Docket No. 15 shall be considered a supplemental clarification to the claims in the Petition.  Petitioner's Request for Discovery (Docket No. 15-2) is GRANTED insofar as he may request particular parts of the state court record that he does not have from the Court (other than the presentence report, which is filed ex parte under seal for confidentiality and security purposes), and he may request his medical records from counsel for Respondent.  Petitioner's  Request for Evidentiary Hearing (Docket No. 15-3) is unripe and therefore MOOT.  After Petitioner briefs the cause and prejudice and miscarriage of justice issues, the Court will determine whether an evidentiary hearing is required.

IT IS FURTHER HEREBY ORDERED that Petitioner's Petition for Clerk to Obtain Records (Docket No. 16) is DENIED, as Petitioner has been directed to obtain his records through counsel for Respondent.

IT IS FURTHER HEREBY ORDERED that Respondent's Motion for Summary Dismissal (Docket No. 19) is CONDITIONALLY GRANTED.  Petitioner shall have until **May 31, 2007**, in which to file a brief showing that the exceptions of cause and prejudice or actual innocence (miscarriage of justice) apply to allow the Court to hear the merits of his claims.  Respondent may file a responsive brief thirty (30) days after Petitioner's brief is filed.  Petitioner may, but is not required to, file a reply brief fourteen

MEMORANDUM ORDER  8

(14) days thereafter.  If the Court determines that Petitioner cannot proceed, the conditional grant of the Motion for Summary Dismissal shall be made final and Petitioner's Petition shall be dismissed with prejudice.



DATED:  **March 20, 2007**.

/s/ Larry M. Boyle

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

MEMORANDUM ORDER  9